[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-14851
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 16, 2011
JOHN LEY
CLERK

D.C. Docket No. 6:09-cv-00033-BAE-GRS

CAROL WILKERSON,

Plaintiff-Appellant,

versus

H&S, INC.,
d.b.a. Shoney's, Inc.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(August 16, 2011)

Before TJOFLAT, CARNES and BLACK, Circuit Judges.

PER CURIAM:

Carol Wilkerson, proceeding *pro se*,[1] appeals the dismissal with prejudice of her *pro se* complaint, which alleged that H&S Lee, Inc. d/b/a Shoney's (H&S Lee), violated the Privacy Act of 1974, (Privacy Act), 5 U.S.C. § 552a, and that she was subject to a hostile work environment and wrongful termination. On appeal, Wilkerson argues the district court erred in granting H&S Lee's motion to dismiss because her right-to-sue letter from the Equal Employment Opportunity Commission (EEOC) proves that H&S Lee violated both Title VII and the Privacy Act.

We review *de novo* a dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), accepting the allegations in the complaint as true and construing the allegations in the light most favorable to the plaintiff. *Redland Co., Inc. v. Bank of Am. Corp.*, 568 F.3d 1232, 1234 (11th Cir. 2009). The complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

---

[1] We construe Wilkerson's *pro se* pleadings liberally. *See Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008).

Here, Wilkerson's complaint fails to state any plausible claim. The complaint centers around her allegation that the EEOC did not enforce the law protecting her personal data in violation of the Privacy Act, and requests relief "in honor of her personal data . . . under the Privacy Act of 1964." The complaint fails to allege that H&S Lee, a private entity, is a federal agency subject to the Privacy Act. *See Schwier v. Cox*, 340 F.3d 1284, 1287 (11th Cir. 2003) (noting the private right of action created by the Privacy Act only applies to federal agencies). Thus, Wilkerson has not and cannot state a claim for relief under the Privacy Act.

To the extent we construe the complaint liberally to allege violations of Title VII, Wilkerson's claims are devoid of any supporting factual allegations. With respect to hostile work environment, Wilkerson's only allegations are that she was "sexually harassed" by two employees, and that the owner called her "little Raymond." Wilkerson fails to allege any specific instance of sexual harassment, let alone a plausible claim that her work environment was "permeated with discriminatory intimidation, ridicule, and insult." *Rojas v. Florida*, 285 F.3d 1339, 1344 (11th Cir. 2002). With respect to her claim that she was wrongfully terminated because "she wouldn't give in" to her supervisor and co-worker, she again fails to allege any "factual content that allows the court to draw the

3

reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. Finally, Wilkerson fails to allege any facts supporting a disparate treatment termination claim based on her gender. The district court did not err in dismissing the complaint with prejudice.

**AFFIRMED.**